UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24572-CIV-LENARD

**ARSLAN TIKHONOV,**

    Plaintiff,

**v.**

**ALEJANDRO MAYORKAS,** *et. al.***,**

    Defendants.

_____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (D.E. 11)**

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss ("Motion," D.E. 11) filed January 3, 2024. Plaintiff filed a Response on January 17, 2023, ("Response," D.E. 13) to which Defendants filed a Reply on January 24, 2024, ("Reply," D.E. 19). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

**I.     Background**[1]

Plaintiff is a citizen of Russia. ("Complaint," D.E. 1 ¶ 11.) On April 7, 2020, Plaintiff filed a Form I-589, Application for Asylum and Withholding of Removal with United States Citizenship and Immigration Services ("USCIS"). (*Id.* ¶ 4.) On November 3, 2020, Plaintiff "appeared at a designated USCIS Application Support Center to complete

---

[1] "[I]n reviewing motions to dismiss [the Court must] accept as true the facts stated in the complaint and all reasonable inferences therefrom." *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).

his required biometrics." (*Id.* ¶ 12.) In June 2023, he "made an expedite request on his Application on medical and humanitarian grounds" based on his father's cancer diagnosis and need for surgery. (*Id.* ¶ 15.) The request was denied by USCIS on July 19, 2023. (*Id.*) Plaintiff was then placed on the short list for an asylum interview; however, he has yet to be scheduled for the required interview. (*Id.* ¶ 16.)

On September 20, 2023, Plaintiff initiated this action by filing a Complaint for Writ in the Nature of Mandamus and Violation of the Administrative Procedure Act. ("Complaint," D.E. 1.)[2] Therein, he brings a single count under the Administrative Procedures Act ("APA") 5 U.S.C. § 701 *et. seq.*, alleging that his application has not been adjudicated "within the statutory period of 180 days pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii)." (*Id.* ¶ 1.)

As of January 17, 2024, Plaintiff's Application remains unadjudicated. (Resp. at 5.) Over three years and nine months have passed since his application was filed. (*Id.*) Plaintiff alleges that the delay is unreasonable and that "Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as most, if not all, USCIS Asylum offices are fully operational and conducting asylum interviews[.]" (Compl. ¶ 3.) He further alleges that "Defendants' delay and inaction is causing irreparable harm to Plaintiff as he is unable to commence his life in the U.S. without living in fear of being forced to return to Russia, where he will certainly be

---

[2] The Complaint was filed in the United States District Court for the District of Columbia before being transferred to this Court. (D.E. 7.)

2

persecuted, tortured, and/or killed." (Compl. ¶ 26.) Plaintiff thus requests that his Application be adjudicated "within a reasonable period of time." (Resp. at 20.)

In their Motion, Defendants argue that the "Court lacks jurisdiction over Plaintiff's mandamus claim"[3] and that his APA claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) (hereinafter, "Rule 12(b)(6)") "for failure to state a claim for relief because Plaintiff has not alleged any facts to establish that the delay was unreasonable." (Mot. at 4, 7.)

## II.  Legal Standards

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pled factual allegations and determines whether they plausibly give rise to an entitlement for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient "facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff makes a facially plausible claim when he pleads factual content from which the court can reasonably infer that a "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. *Id.* at 664.

---

[3] Although the word "mandamus" appears in the title of Plaintiff's Complaint, he alleges a single count under the APA. The Court thus limits inquiry to the single APA claim alleged.

Although the Court resolves all doubts or inferences in the plaintiff's favor, the plaintiff bears the burden to frame the complaint with sufficient facts to suggest that she is entitled to relief. *Twombly*, 550 U.S. at 556. A pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. *Id*. at 557. Dismissal is warranted under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### III.  Discussion

Defendants argue that Plaintiff has not plausibly alleged an unreasonable delay under the APA as he "cites only to the passage of time to support his claim[.]" (Mot. at 7.) Defendants thus assert that Plaintiff's APA claim should be dismissed under Rule 12(b)(6). (*Id.*) Plaintiff counters that the delay is unreasonable and results from USCIS mismanagement and policies. Specifically, Plaintiff cites to "USCIS's policy of prioritizing the most recently filed asylum applications for asylum interview scheduling over older filed applications (last in, first out- 'LIFO')." (Resp. at 12.)

To assess the reasonableness of a delay in the administrative context, some courts utilize a six-factor test set forth in *Telecommunications Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 78–79 (D.C. Cir. 1984) ("*TRAC*").[4] *See e.g.*, *Hui Dong v. Cuccinelli*, No.

---

[4] The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a 'rule of reason,'
> (2) where Congress has provided a timetable or other indication of the speed with

4

CV2010030CBMPLAX, 2021 WL 1214512, at *4 (C.D. Cal. Mar. 2, 2021) (citations omitted). However, this Court finds that analysis of the *TRAC* factors is inappropriate at the motion to dismiss stage due to their fact-intensive nature. *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021) ("A claim of unreasonable delay is necessarily fact dependent and thus sits uncomfortably at the motion to dismiss stage and should not typically be resolved at that stage." (referencing *TRAC*, 750 F.2d at 80)); *Girges v. Sec'y, Dep't of Homeland Sec.*, No. 6:22-CV-158-GAP-LHP, 2022 WL 2774211, at *4 (M.D. Fla. June 8, 2022) (declining to apply the *TRAC* factors at motion to dismiss stage due to their fact-intensive nature); *Ignatova v. Jaddou*, No. 0:22-CV-62103, 2023 WL 5611902, at *7 (S.D. Fla. Aug. 15, 2023), *report and recommendation adopted*, No. 22-62103-CIV, 2023 WL 5608433 (S.D. Fla. Aug. 30, 2023) (finding that at the motion to dismiss stage "an analysis of the *TRAC* factors is neither appropriate . . . nor necessary.")

As discussed, Plaintiff alleges that Defendants have, in effect, sat on his Application for almost four years. Despite completing his required biometrics and placing an expedite request, Plaintiff alleges his Application remains unadjudicated and Defendants have not made any reasonable assurance regarding when a decision will be made. Plaintiff thus

---

which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason, (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake, (4) the court should consider the effect of expediting delayed agency action on agency activities of a higher or competing priority, (5) the court should also take into account the nature and extent of the interests prejudiced by the delay, and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'

*TRAC*, 750 F.2d at 80 (citations omitted).

alleges the delay is unreasonable. As grounds, he claims that Defendants cannot reasonably continue to use COVID-19 as a defense as USCIS Asylum offices have reopened. He further asserts that the delay results from USCIS mismanagement and policies including "last in, first out." Finally, Plaintiff alleges he has suffered irreparable harm. In sum, the Court finds that Plaintiff has stated a plausible claim for relief under the APA. *See Girges*, 2022 WL 2774211, at *4 (finding that plaintiff's allegations of a two-year delay in adjudicating an asylum application stated a plausible claim under the APA); *Ignatova*, 2023 WL 5611902, at *7 (finding that a plaintiff stated "a plausible claim for relief under the APA" based upon "allegations of a three-year delay").[5] Therefore, Defendants' Motion under Rule 12(b)(6) is due to be denied.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss (D.E. 11) is **DENIED**.

2. On or before **March 26, 2024**, Defendants shall file an Answer to Plaintiff's Complaint.

3. On or before **March 26, 2024**, Counsel shall confer and file a "Joint Status Report" advising the Court whether (a): resolution of the case can be decided

---

[5] The Court notes that other federal courts have found delays of more than four years to be reasonable under the APA. *See e.g.*, *Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (finding that five-year delay in adjudication of asylum application was not an unreasonable delay). It may well be that analyzing the *TRAC* factors based upon a full record and adequate briefing might show that Defendants' delay in adjudicating Plaintiff's asylum application is not unreasonable; however, there is no record at this point upon which to make that determination.

based upon briefing and the administrative record, or (b): a trial date is necessary.

**DONE AND ORDERED** in Chambers at Miami, Florida this 12th day of March, 2024.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**